STATE, EX REL. CHARLES F. ADAMS, v. ALFRED HAINES.

1. Under section 31 of the act incorporating the chosen freeholders of the several counties (*Rev.*, *p.* 132), the board may appoint such officers for the government of the poor-house as the public need requires, continue them at their will, appoint them for such time as they see fit, and abolish the office or change the incumbent at their pleasure.

2. Where the offence of intrusion in office is of a public character, and where costs are not, under the circumstances, sufficient and adequate punishment of the offender, such fine should be imposed as will fill the just measure of punishment, and, as well, tend to repress the commission of such wrong.

On demurrer to an information in the nature of a *quo warranto*. The facts appear in the opinion of the court.

Argued at November Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP and MAGIE.

For the relator, *Samuel D. Bergen.*

For the respondent, *Alfred Hugg.*

The opinion of the court was delivered by

KNAPP, J. From the pleadings filed in this proceeding, these facts appear : that on the 8th day of November, 1882,

the board of chosen freeholders of the county of Camden selected and appointed the respondent to be steward of the alms-house for said county, to hold the office for three years from the 25th day of March then next ensuing; that at a meeting of the board, held on November 12th, 1884, the relator, Charles F. Adams, was elected to the position of steward, with his term to begin on the 25th day of March, 1885, and on the 24th day of December, 1884, the board directed its alms-house committee to give possession of the said alms-house property to the relator on the 25th day of March following. The respondent continues in possession of the public property, and claims the right to hold the said position, under his appointment, against the action of the board of freeholders. The questions in the case are whether the chosen freeholders had power to revoke the appointment of the respondent during the three years specified as his term, and whether, in fact, it exercised that power.

The position of keeper or steward of the alms-house is not one expressly created by any law of the state; it exists alone for the more convenient management of the alms-house, under the authority of the board of chosen freeholders. It is an office solely the creature of the freeholders. By the thirty-first section of the act incorporating the chosen freeholders of the several counties (*Rev.*, *p.* 132), the board of chosen freeholders of any county is authorized to appoint such officers, hire such servants and make such regulations, ordinances and by-laws, respecting the care and government of poor-houses, as they shall from time to time deem necessary or convenient. It is under this power that the office has being. It will be seen by this section that the entire control over this subject is given to the board. They may create these offices as the public need requires, and continue them at their will; they may appoint to such office when and whom they see fit, for such time as they see fit, and abolish the office or change the incumbent at their pleasure. The case of *Greene* v. *Freeholders of Hudson*, 15 *Vroom* 388, and the cases cited in the opinion, declare the law on this subject. It here needs no

further discussion. The power to depose the respondent is clear. And it is not denied that the office is of such public character as to be under the protection of *quo warranto. Bownes* v. *Meehan,* 16 *Vroom* 189. I deem it established, with equal certainty, by the admitted facts in the record, that the board exercised that power when it appointed another to fill his place and directed its committee in charge of the alms-house to take the possession from the then incumbent and place the newly-appointed officer in charge. Nothing remained to be done to make the will of the public corpora-tion apparent, or that was needed to give emphasis to its purpose to remove the respondent and transfer the office to another. That the respondent understood the proceedings in that light is manifested in the course of law set on foot by him to maintain his position against this adverse determina-tion and action of the controlling body. Final judgment on the demurrer should be rendered in favor of the state.

When intrusion in office is found, the statute authorizes, besides the judgment of ouster against the intruder, the inflic-tion of a fine for the intrusion and unlawful holding and exe-cuting such office. The offence is of a public character, and where costs are not, under the circumstances, sufficient and adequate punishment of the offender, such fine should be imposed as will fill the just measure of punishment, and as well tend to repress the commission of such wrong.

Before pronouncing judgment, the court will hear counsel as upon rule to show cause why a fine should not be imposed upon the respondent.